# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:09-cr-00222

RICHARD TIMOTHY WEAVER,
MARTIN CRAIG NUSS,
ERIC W. WOLFE, and
THOMAS E. GEER,

                Defendants.


### MEMORANDUM OPINION AND ORDER


Before the Court are two motions to dismiss portions of the Superseding Indictment in the above-styled case: Motion to Dismiss Racketeering Act Three [Docket 1268] filed by Defendant Richard Timothy Weaver; and Motion to Dismiss All Counts Based on the West Virginia Conspiracy Statute as Legally Insufficient for Failure to Charge an Overt Act [Docket 1285] filed by Defendant Weaver and joined by Defendants Martin Craig Nuss, Eric W. Wolfe, and Thomas E. Geer.

## I. BACKGROUND

Defendants are among fifty-five members or associates of the Pagans Motorcycle Club (PMC) who were charged in a sweeping 44-count Indictment returned on September 29, 2009.  A 29-count Superseding Indictment was returned on February 2, 2010.  The counts placed in issue by the pending motions are Count 1 of the Superseding Indictment, which charges racketeering in

violation of 18 U.S.C. § 1962(c) (RICO), and Counts 3, 5, 6, 9, and 10, which charge several conspiracies to commit violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959 (VICAR).  The common thread running through the pending motions is that Defendants seek the dismissal of portions of the Superseding Indictment for failing to allege essential elements of the charged offenses.  More specifically, the motions aver that elements of the state-law offenses that serve as predicates for the RICO and VICAR charges are omitted.

The first motion attacks Racketeering Act Three in Count 1.  (Docket 1268.)  This racketeering act alleges that members of the PMC and a support motorcycle club committed a robbery in violation of Ohio Revised Code §§ 2911.02 and 2923.03.  The motion faults the indictment for failing to state that the property allegedly taken did not belong to Defendants, which they argue is an element of robbery under Ohio law.

The second motion would have the Court dismiss the VICAR charges in Counts 3, 5, 6, and 9, and Racketeering Acts Four and Seven of the RICO charge in Count 1.  (Docket 1285.)  Each of the RICO or VICAR predicates challenged by this motion cite West Virginia's conspiracy statute, West Virginia Code § 61-10-31, as one of the statutes violated.  Defendants take issue with these counts on the grounds that the Superseding Indictment fails to allege any overt act in furtherance of the conspiracies, which is required to secure a conviction under West Virginia's conspiracy statute.

The Government has responded to each of these motions and the Court has heard oral arguments from the parties.  The motions are ripe for adjudication.

## II.  DISCUSSION

A defendant "enters upon an arduous course when he moves to dismiss an indictment." *United States v. ReBrook*, 837 F. Supp. 162, 166 (S.D. W. Va. 1993) (Haden, J.).  The defendant's

2

burden is to demonstrate that the indictment fails to satisfy the requirements of the Federal Rules of Criminal Procedure or violates rights secured by the Fifth and Sixth Amendments.  An indictment may be sufficient under Rule 7 so long as it contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Cr. P. 7(c)(1).  The indictment will past constitutional muster "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Talebnejad*, 460 F.3d 563, 571 (4th Cir. 2006) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  The omission of an essential element is fatal to the indictment as the Court is therefore without jurisdiction to try the defendant on the defective count.  *United States v. Hooker*, 841 F.2d 1225, 1231–32 (4th Cir. 1988).  It is thus necessary to review the essential elements of the challenged RICO and VICAR charges.

To establish a RICO violation, the Government must prove the following: "(1) the existence of an enterprise; (2) the defendant's association with the enterprise; (3) the defendant's participation in the affairs of the enterprise; (4) a pattern of racketeering activity; and (5) the enterprise's effect on interstate or foreign commerce."  *Hooker,* 841 F.2d at 1227.  The phrase "pattern of racketeering activity" is defined as "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Racketeering activity includes, among other things, certain general categories of state-law felonies which serve as predicates for the RICO charge. 18 U.S.C. § 1961(1).

The elements of a VICAR offense are as follows:

(1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise.

*United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994) (quoting *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992)).  VICAR predicate offenses include certain violent crimes, such as murder, kidnaping, and assault with a dangerous weapon, which are "in violation of the laws of any State or the United States."  18 U.S.C. § 1959(a).

A distinction must be made between the elements of a RICO or VICAR charge, and what must be proven to establish each of those elements.  Rule 7 requires only that the former be set forth in the indictment with specificity.  For example, RICO and VICAR both have as an element the existence of an enterprise as that term is defined by § 1961(4).  As an element of the offense, the existence of an enterprise must be alleged in the indictment with sufficient factual detail to apprise the defendant of the general nature of the alleged enterprise.  Proving an enterprise at trial is another matter; this requires proof of, among other things, an association of individuals for a common purpose and an organizational structure.  *See United States v. Turkette*, 452 U.S. 576, 583 (1981); *see also Boyle v. United States*, 129 S. Ct. 2237 (2009).  The indictment need not, however, address each constituent aspect of an enterprise that must be proven as if it were a discrete element of the offense; the elements (loosely speaking) of an enterprise are not elements of RICO or VICAR.  *See United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 775 (E.D. Va. 2004).   The same principle applies to the racketeering activity element of RICO and the predicate crime of violence element of VICAR.  The elements of the predicate acts are not themselves elements of the RICO or VICAR

4

charge.  Therefore, the elements of the predicate acts need not be specifically alleged in the indictment, notwithstanding that they must be proved at trial.  *United States v. Carrillo*, 229 F.3d 177, 183 (2d Cir. 2000).

Applying these principles, the motions attacking the sufficiency of the racketeering acts in Count 1 must fail.  To obtain a conviction under RICO the Government must prove as an element of the offense that the defendant committed at least two racketeering acts which constitute a pattern. 18 U.S.C. 1962.  The challenged racketeering acts purportedly omit an element of robbery under Ohio Revised Code § 2911.02 and an element of conspiracy of West Virginia Code § 61-10-31.  The Government may have to prove the elements of these state-law offenses at trial in order to prove the pattern of racketeering activity element of RICO.[*]  However, neither the taking of property belonging to another nor an overt act in furtherance of a conspiracy are included in the essential elements of RICO.  *Cf. Hooker*, 841 F.2d at 1227 (listing RICO elements).  Rule 7 therefore does not dictate that they be included in the indictment.  Accordingly, Count 1 of the Superseding Indictment is not defective for its purported omission of elements of the predicate state-law offenses from the racketeering acts.

Defendants challenge the racketeering acts only on technical grounds for omitting an element of the offense.  Defendants have not argued that the challenged racketeering acts fail to provide sufficient notice of the nature of the allegations.  Defendants would be hard-pressed to assert such

---

[*]  This statement is qualified with "may" because there is no controlling authority in the Fourth Circuit as to whether, or to what extent, RICO racketeering acts and VICAR crimes of violence predicated on state law offenses incorporate the substantive state law.  The authorities are split on this matter.  *See United States v. Marino*, 277 F.3d 11, 30 (1st Cir. 2002) (discussing conflicting cases); *Carrillo*, 229 F.3d at 185–86 (same); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 783 (E.D. Va. 2004) (same).  Resolving this complicated question will have to wait for another day.

an argument.  Racketeering Acts Three, Four, and Seven all allege the dates of the offenses, the participants, the locations, the citations to the underlying statutes allegedly violated, and the offense conduct in language which closely tracks the wording of the predicate statutes.  Rule 7 demands no greater detail from an indictment when outlining the racketeering acts forming the basis of a RICO charge.  *See United States v. Yannotti,* 541 F.3d 112, 127 (2d Cir. 2008).

For similar reasons, the arguments challenging the VICAR charges in Counts 3, 5, 6, 9, and 10 are unavailing.  Under VICAR, the Government must prove as an element that the defendant committed the underlying crime of violence.  Proving this element would entail proving the elements of the predicate offense at trial, but the elements of the predicate crime are not themselves elements of VICAR.  *Cf. Fiel*, 35 F.3d at 1003 (listing VICAR elements).  Thus, they need not be included in the indictment.  Moreover, the Fourth Circuit has held that an indictment charging a VICAR conspiracy offense need not identify the specific state statute that serves as the predicate offense. *United States v. Martinez*, 136 F.3d 972, 978 (4th Cir. 1998).  If an indictment is not deficient for failing to identify the predicate state-law crime of violence, it follows that it is not deficient for failing to address each technical element of the predicate offense under state law.  Defendants do not argue that the VICAR counts do not contain enough factual detail to inform them of the charges as required by the Fifth and Sixth Amendments.  Accordingly, Counts 3, 5, 6, and 9 are not defective for failing to allege an overt act in furtherance of the conspiracy as required under West Virginia conspiracy law.

6

*III.  CONCLUSION*

For the reasons set forth above Defendants' Motion to Dismiss Racketeering Act Three [Docket 1268]; and Motion to Dismiss All Counts Based on the West Virginia Conspiracy Statute as Legally Insufficient for Failure to Charge an Overt Act [Docket 1285] are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, and the United States Attorney.

ENTER:          April 20, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE