IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  CRIMINAL ACTION NO. 2:09-cr-00222

RICHARD TIMOTHY WEAVER,
RICHARD LEE STEVENS,
MARTIN CRAIG NUSS, and
JEFFREY WAYNE JETT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion to Dismiss Count 6s for Legal Insufficiency [Docket 1270] filed by Defendants Richard Timothy Weaver, Richard Lee Stevens, and Martin Craig Nuss; and Motion to Dismiss Count Ten of the Superseding Indictment for Legal Insufficiency [Docket 1283] filed by Defendant Jeffery Wayne Jett.

*I.  BACKGROUND*

Defendants are among fifty-five members or associates of the Pagans Motorcycle Club (PMC) who were charged in a sweeping 44-count Indictment returned on September 29, 2009. A 29-count Superseding Indictment was returned on February 2, 2010. The counts placed in issue by the pending motions are Counts 6 and 10 of the Superseding Indictment. These counts charge conspiracies to commit violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959 (VICAR).

Count 6 alleges that PMC members conspired to commit an assault with a dangerous weapon in Richmond, Virginia, in violation of West Virginia Code §§ 61-2-9 and 61-10-31, and Virginia Code § 18.2-57. The indictment is legally insufficient, according to Defendants in the first motion, because the West Virginia and Virginia Code sections cited in Count 6 are not proper VICAR predicates. (Docket 1270.) Defendants aver that VICAR predicate offenses must satisfy the definition of "racketeering activity" found in 18 U.S.C. § 1961(1); that is, the predicates must be felonies under state law. Because the cited state-law statutes are misdemeanors, Defendants argue the challenged counts must be dismissed under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.

The second motion raises the same argument as the first but with reference to Count 10. (Docket 1283.) This count contains a VICAR charge for an incident that allegedly occurred in Boone County, West Virginia. Like the offense alleged in Count 6, Count 10 relies on West Virginia Code § 61-2-9 as the underlying state-law crime of violence.

The Government has responded to each of these motions and the Court has heard oral arguments from the parties. The motions are ripe for adjudication.

## II. DISCUSSION

The arguments raised by Defendants in the pending motions evidence a misreading of VICAR and its companion statute, 18 U.S.C. § 1962, which is more commonly known as RICO. VICAR was "enacted to complement RICO," *United States v. Rogers,* 89 F.3d 1326, 1335 (7th Cir. 1996), and its text and structure bear a resemblance to RICO. Care must be taken, however, to take account of the differences in the statutes so as to avoid confusing their elements.

RICO states, in pertinent part, "It shall be unlawful for any person employed by or associated

with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs *through a pattern of racketeering activity* . . . ." 18 U.S.C. § 1962(c) (emphasis added). The term "racketeering activity" is defined to include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . , which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1). To prove a charge under RICO, the Government must prove, among other things, that the defendant engaged in at least two racketeering activities. *Sedima v. Imrex Co.*, 473 U.S. 479, 496 n.14 (1985). VICAR has no such requirement.

> Compare RICO to the text of VICAR, which provides in relevant part:
>
> Whoever, . . . for the purpose of gaining entrance to or maintaining or increasing position in *an enterprise engaged in racketeering activity*, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . .

18 U.S.C. § 1959(a) (emphasis added).

Although "racketeering activity" appears in the text of VICAR, it is used in a different context than it is in RICO. VICAR requires proof that the enterprise, rather than the accused, has engaged in racketeering activity. *See United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994) (stating VICAR elements).

A separate element of VICAR is that the accused committed one of the listed crimes of violence "in violation of the laws of any State or the United States." *Fiel*, 35 F.3d at 1003. To prove this element, the Government must demonstrate that defendant's action (1) would constitute the proscribed "violent crime, as it is generically defined," and (2) would be a violation of a state law

3

corresponding to that violent crime. *United States v. Cuong Gia Le*, 316 F. Supp. 2d 355, 362 (E.D. Va. 2004). There is no requirement arising from the text of the statute, or from case law, that the Government also must prove that the underlying crime of violence falls within the definition of "racketeering activity." It follows that an indictment is not legally insufficient for failing to cite a state-law felony constituting "racketeering activity" as the underlying crime of violence in a VICAR count.[*]

### III. CONCLUSION

For the reasons set forth above Defendants' Motion to Dismiss Count 6s for Legal Insufficiency [Docket 1270] and Motion to Dismiss Count Ten of the Superseding Indictment for Legal Insufficiency [Docket 1283] are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, and the United States Attorney.

ENTER: April 20, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] Moreover, it should be noted, the Fourth Circuit has held that an indictment charging a VICAR offense need not even identify the specific state statute that serves as the predicate offense. *United States v. Martinez*, 136 F.3d 972, 978 (4th Cir. 1998).