IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:09-cr-00222-5

RICHARD TIMOTHY WEAVER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Richard Weaver's Motion to Dismiss Remaining Counts with Prejudice [Docket 1960], and the United States Motion to Dismiss [Docket 1975].

Defendant was named in Counts One, Two, Three, Six, Nine, Sixteen, Seventeen, and Nineteen of a Superseding Indictment in the above-styled case. The United States and Defendant entered into a written plea agreement whereby Defendant agreed to conditionally plead guilty to Count Nineteen as charged. At the time the agreement was entered, there were several pending motions to dismiss Count Nineteen filed by Defendant and co-defendants. In the plea agreement, Defendant reserved the right to appeal the Court's decision on the motions to dismiss if they were denied. The Government reserved the right to appeal if the Court ruled in Defendant's favor on the motions to dismiss or if the Court rejected Defendant's proposed plea for lack of a factual basis. In any event, the Government agreed to dismiss the remaining counts of the Superseding Indictment against Defendant.

Count Nineteen charged Defendant and others with conspiring to violate 18 U.S.C. § 922(h). This statute had not previously been interpreted by any court in any jurisdiction. By order on July 9, 2010, the Court construed § 922(h) in Defendant's favor but denied the motions to dismiss in part. At a hearing held July 12, 2010, the Government conceded that it could not establish a factual basis for Defendant's proposed guilty plea to Count Nineteen under the Court's interpretation of § 922(h). In light of the Government's concession, and finding that a trial on Count Nineteen would be futile, the Court dismissed the count as to all defendants in this case by order on July 13, 2010. The Government has indicated that it intends to appeal this matter to the Court of Appeals for the Fourth Circuit.

The Government now seeks leave in accordance with Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss Counts One, Two, Three, Six, Nine, Sixteen, and Seventeen of the Superseding Indictment *without prejudice* as to Defendant. This motion is the product of its interpretation of its obligations under the written plea agreement. Defendant moves to dismiss the same counts of the Superseding Indictment *with prejudice* based on his competing understanding of the terms of the plea agreement.

The Government and Defendant each argue that they would lose the benefit of the bargain if the counts are dismissed with or without prejudice, respectively. The Government contends that the purpose of the agreement would be frustrated if the Court of Appeals declines to hear the appeal on the merits. Should that occur, the Government believes it should be free to reinstate the remaining charges against Defendant. Defendant counters that he receives no benefit under the agreement if the Government is able to reinstate the charges at its election.

The parties' arguments are premature. Counsel for the Government represented at the hearing held on July 12, 2010, that it would move to dismiss the pending charges with prejudice if the Court of Appeals addresses the appeal on the merits or if the Government decides to forgo the appeal. Accordingly, it likely will prove inconsequential whether the counts are dismissed with or without prejudice at this time. The manner of dismissal will be of consequence only if the Government appeals this Court's dismissal of Count Nineteen, the Court of Appeals declines to hear the appeal on the merits, and the Government reinstates the charges prior to the expiration of the statute of limitations. In that event, it may become necessary to determine if the Government's actions are barred under the agreement.

The Court finds no evidence of bad faith under the circumstances and that dismissal is not contrary to the public interest. *See United States v. Perate*, 719 F.2d 706, 710 (4th Cir. 1983). Accordingly, the Government's motion to dismiss [Docket 1975] is **GRANTED**. Defendant's motion to dismiss [Docket 1960] is **DENIED AS MOOT**. Counts One, Two, Three, Six, Nine, Sixteen, and Seventeen of the Superseding Indictment are **DISMISSED WITHOUT PREJUDICE** as to Defendant.[*]

The pending pretrial motions in this matter, namely Docket Nos. 853, 860, 1034, 1221, 1327, 1671, 1689, 1768, 1806, 1812, and 1909, are **DENIED AS MOOT**.

---

[*] Given the Government's representations at the hearing held on July 12, 2010, the Court shall consider the dismissal of these counts to be a *de facto* dismissal *with prejudice* if and when the Court of Appeals decides to hear the appeal of this matter on the merits or if no appeal is filed by the applicable deadline.

As no counts of the Superseding Indictment remain pending as to Defendant, the Order Setting Conditions of Release [Docket 191] is **VACATED** and Defendant is hereby **DISMISSED** as a party to this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    July 23, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE